No. 95-3072

James Spann;                          *
                                      *
              Appellant;     *
                                      *  Appeal from the United States
          v.                 *  District Court for the
                                      *  Western District of Missouri.
Michael Groose; Gerald Brommel; *
Dwayne Kempker; Joseph Staten; *        [UNPUBLISHED]
Melvyn Douglas Smith, COI;   *
                                      *
              Appellees.     *

Submitted:  February 13, 1996

Filed:  March 11, 1996

Before MAGILL, HEANEY, and MURPHY, Circuit Judges.

PER CURIAM.

James Spann, an inmate at the Jefferson City Correctional Center, initiated this action under 42 U.S.C. § 1983, alleging that the defendant prison officials violated his constitutional rights.  Specifically, he asserted that they failed to protect him from an assault by other inmates at the correctional facility.  The district court adopted the magistrate's report and recommendation and granted the defendants summary judgment in this matter.  Spann appeals.

The Eighth Amendment imposes upon prison officials the duty to provide inmates with "humane conditions of confinement," which includes taking reasonable measures to "'protect prisoners from violence at the hands of other prisoners.'"  Farmer v. Brennan, 114

S. Ct. 1970, 1976 (1994) (quoting <u>Cortes-Quinones v. Jimenez-Nettleship</u>, 842 F.2d 556, 558 (1st Cir.), <u>cert. denied</u>, 488 U.S. 823 (1988)).  For a failure-to-protect claim, inmates must show both that they are "incarcerated under conditions posing a substantial risk of serious harm" and that a prison official "knows of and disregards an excessive risk to inmate health or safety."  <u>Id</u>. at 1977, 1979.

We have carefully reviewed the briefs and the record in this case and agree with the district court that the named defendants were without knowledge of a serious risk to Spann's safety.  Thus, they could not have been deliberately indifferent.  We therefore affirm the district court's grant of summary judgment for the defendants and the dismissal of Spann's claim.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.